UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL STONE, | ) Case No. EDCV 13-2023-BRO (RNB) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) |
| | ) |
| Respondent. | ) |

On October 25, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Southern District of California. Since it appeared from the face of the Petition that it was directed to a conviction sustained within the jurisdictional boundaries of the Central District of California, the action was transferred to this District.

Subject matter jurisdiction over a habeas petition exists only when, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005); see also 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner does not remain "in custody" once the sentence imposed for the conviction has "fully

expired." See Maleng, 490 U.S. at 491.  However, a petitioner is "in custody" for the purposes of habeas jurisdiction while he remains on probation.  See Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005); Fowler, 421 F.3d at 1033 n.5; United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988).

The burden of establishing subject matter jurisdiction rests with the party seeking to invoke the district court's jurisdiction.  See, e.g., Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997); Thornhill Pub. Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Johnson v. Washington, 2009 WL 151284, *6 (W.D. Wash. Jan. 20, 2009) (habeas case).  Moreover, the absence of subject matter jurisdiction may be raised by a district court sua sponte.  See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 2:18 (2010 rev. ed.).

Here, it appears from Ground 2 of the Petition that, while petitioner concedes that he no longer is in custody, petitioner contends nevertheless that he is in "constructive custody" due to (a) the fact that his 2000 conviction would count as a "strike" in the event of a future conviction, and (b) the fact that his 2000 conviction renders him subject to the registration requirements of Cal. Penal Code § 290.  However, in Maleng, 490 U.S. at 492, the Supreme Court held that a habeas petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.  Likewise, the Ninth Circuit has held that the requirement that a person register for life as a sex offender does not satisfy the "in custody" requirement.  See, e.g., Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir.), cert. denied, 528 U.S. 963 (1999); Williamson v. Gregoire, 151 F.3d 1180 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999).

//
//
//

1  IT THEREFORE IS ORDERED that, on or before **December 11, 2013**,
2  petitioner show cause in writing, if any he has, why this action should not be
3  summarily dismissed for lack of subject matter jurisdiction.

5  DATED: November 8, 2013

/s/ Robert N. Block
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE